## JACOB ESTEY v. QUINCY A. SMITH.

*Trespass for cutting and carrying away wheat—Evidence under general issue—Defendant's intent.*

Where trespass for cutting and carrying away wheat is brought by an assignee of the party injured thereby, a plea to the general issue puts every part of the declaration in issue and denies not only the taking but the plaintiff's ownership at the time of the alleged trespass.

A tenant who had sown a crop which would not ripen until after the expiration of his lease, gave a chattel mortgage on it to indemnify a surety upon the bond in a replevin suit brought by him against his landlord. The surety, however, verbally assigned his interest in the mortgage to S. on condition that S. should protect him. The landlord had judgment in the replevin suit and also in his action on the bond, which latter was paid in the tenant's behalf by E. to whom the tenant afterwards assigned his right to the wheat. The landlord, however, had previously sold it to S. who had cut and removed it, for which E. sued him in trespass. *Held*, that under the plea of the general issue S. could show the transfer to him of the mortgage interest held by the surety on the replevin bond, and could introduce the mortgage itself; the evidence bore on the tenant's title to the wheat or the fact of his possession and on the question whether he had not abandoned it to the landlord.

The mere intent of a defendant in trespass is not material if his conduct was not actionable.

Error to Ingham.   Submitted Jan. 19.   Decided Jan. 26.

TRESPASS.   Plaintiff brings error.   Affirmed.

*M. V. & R. A. Montgomery* for plaintiff in error.

*M. M. Atwood* and *Q. A. Smith* for defendant in error.

GRAVES, J.   A reference to a few facts will be sufficient to dispose of this case. Lewis H. Harmon made a parol lease of certain premises to one William Nestle for one year from January, 1876, and in the course of the fall Nestle sowed several acres to wheat. In the winter following and after the expiration of the year, Nestle removed from the premises

and Harmon took possession. In January, 1877, Nestle executed a chattel mortgage on the wheat to one Lamb, to indemnify him for being surety in a replevin bond given in a case brought by Nestle against Harmon. The replevin suit was decided against Nestle, and Harmon sued on the bond, and having recovered judgment the plaintiff [Estey] satisfied it. Harmon gave defendant [Smith] a bill of sale of the wheat and the latter cut it and applied it to his own use. About a year later and in August, 1879, Nestle assigned his right to Estey and he sued Smith in trespass for the cutting and carrying away of the wheat. The defendant pleaded the statutory general issue, and under the rulings of the circuit judge, the jury returned a verdict for the defendant.

In the course of his defense Smith gave evidence that Lamb agreed with him before harvest that he should have the benefit and protection of his mortgage on condition of seeing Lamb kept harmless on the bond, and that with such agreement and understanding Lamb turned over his interest in the mortgage by verbal agreement to defendant. Having made this proof Smith offered the mortgage in evidence. The plaintiff's counsel objected that it was inadmissible under the pleadings, but the court admitted it. It is now urged that this was matter of justification or excuse and was hence incompetent under the general issue in the absence of a special notice.

We think the tendency of the proof was more radical than the objection assumes. The gist of the declaration is that it was Nestle's wheat that was taken and carried away and the plea puts every part of it in issue. It not only involves a denial of the taking, but a denial of the taking of wheat belonging to Nestle, and hence a denial of the ownership of Nestle at the time of the alleged trespass is in issue. Such is the rule at common law where the action is brought by the party supposed to have been injured. Stephens' Plead. 174; 6 Robinson's Pr. 649; *Bartholomew v. Ireland* Andr. 108 : *Dodd v. Kyffin* 7 Term 350; *Argent v. Durrant* 8 Term 403; *Whittington v. Boxall* 5 Ad. & El. (N. S.) 143; *Kav-*

*anagh v. Gudge* 7 Man. & Gr. 320.   And there is no reason for an exception where the suit is by an assignee.

The proof in question we think bore on Nestle's title to the wheat and somewhat also on the fact of his possession. Moreover it tended to throw some light on the controverted question whether Nestle did not abandon the wheat to Harmon.

A charge was requested that if the defendant intended, when he took possession of the wheat, to go on and dispose of it in defiance of the mortgage and in defiance of its provisions and in defiance of any rights which the mortgagor had in the property and without any regard then to the mortgage or its conditions, the verdict must be for the plaintiff.   The refusal of this request was not error.   It purposed to make the case turn on the way in which the defendant's thoughts were occupied, and independently of the consideration of ownership.   If his conduct was not in itself actionable, it could not be made so by any particular mental attitude towards the property.   The unexpressed operations of his mind did not amount to a trespass.

Nothing further is urged against the judgment and it must be affirmed with costs.

The other Justices concurred.